IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALDONADO ULTIMINO HERNANDEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>MARIN COUNTY SHERIFF's DEPT., et al.,<br><br>    Defendants. | No. C 12-06406 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, a federal detainee, filed the instant civil rights action in <u>pro se</u> pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted in a separate written order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff alleges that Marin County Sheriff's Officers while investigating a theft of tools illegally searched his house and removed various tools.  Plaintiff states he was falsely accused of possessing the tools, though no charges were filed as he was taken into custody by Immigrations and Customs Enforcement for being in the U.S. illegally.  The Marin County Sheriffs then turned the tools over to the San Pablo Police Department and Plaintiff alleges his wife was never able to obtain the property from the authorities as she was never properly informed that the property was subject to forfeiture.  Plaintiff names the various Sheriff's and Police Departments and 100 Doe Defendants, but fails to identify any specific individuals.  He seeks money damages.  The complaint will be dismissed with leave to amend for Plaintiff to identify the specific named Defendants as the entire Sheriff or Police Department is not a proper Defendant.  Plaintiff must also specifically describe how each individual violated his Constitutional rights.  To the extent Plaintiff is attempting to bring a Monell claim, he must provide more than simple conclusory allegations.

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act,

participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633[1]; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation may be basis for liability). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978);[2] however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of Cty. Comm'rs. of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Local government does not cause the alleged violation, and therefore is not liable under § 1983, if it does not have the power to remedy the alleged violation. See Estate of Brooks v. United States, 197 F.3d 1245, 1248-49 (9th Cir. 1999) (upholding dismissal of § 1983 excessive detention claim against county

---

[1] The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633 (citations omitted).

[2] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

1 because under state statute county did not have power either to release federal detainee or
2 bring him before federal judge).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page and write in the case number for this action, Case No. C 12-06406 EJD (PR). Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

DATED: 3/8/2013

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MALDONADO ULTIMINO HERNANDEZ,

        Plaintiff,

vs.

MARIN COUNTY SHERIFF's DEPT., et al.,

        Defendants./

Case Number CV 12-06406 EJD (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on     3/8/2013    , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s)hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Maldonado Ultimino Hernandez**
36736-359
P. O. Box 800079
Houston, TX 77280

DATED:     3/8/2013    
                                                Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk